WALLACE, JUDGE:
The claimants filed their claim against the respondent in the amount of $75,000.00 for damages to their property allegedly caused by a slide occasioned by the respondent cutting into the toe of the hill in front of their property. The claimants’ property was located on West Virginia State Route 25/5, also known as Dutch *295 Hollow Road in Kanawha County, West Virginia. They purchased their property in 1961 and thereafter constructed a pre-cut home. The claimant, Ray R. Reed, did the interior finishing of the house as well as the installation of the septic tank system to service the house. A seat or shelf was cut out of the hillside for the location of the house. The hill directly in front of the house slopes down to the State road. A creek or stream runs along the opposite side of the road. The septic tank system installed by the claimant was installed in the hillside in front of the house. A 950 gallon tank was installed with four lines of field tile extending approximately 110 feet each, into the leeching field. The system was improperly installed and worked approximately 90 days. Three of the lines of field tile ran up hill necessitating the use of one line running down the hill and opening onto the road.
The claimant, Ray Reed, testified that in the early part of 1971, the respondent ditched back into the toe of the hill in front of claimants’ property placing the excess dirt on the creek side of the road. In the early part of 1972 a large crack appeared in the road which later continued up the hill crossing in front of the house and then back down the hill to the road causing a slide in the hillside. Over a short period of time, the slide broke the gas line, destroyed the driveway and did considerable damage to the house.
When the crack in the road first appeared the respondent was notified and it was patched. Later as the slide developed the respondent was notified on several occasions. The respondent corrected the slide between January and March of 1973 by constructing a retaining wall of piling along the road in front of the claimants’ property.
John R. Sefton testified that he was an engineering geologist for the Department of Natural Resources and was employed by the Department of Highways from June, 1971 to October 14,1975 in the landslide section. He made the initial investigation of the slide involved in this claim on September 27, 1972 for the Materials Control Division. Investigation revealed that the material beneath the surface was sandy clay and the area had some seepage. Although Mr. Sefton stated he could not determine the exact cause of the slide, it was his opinion that there were several factors involved. The undercutting of the road by the creek probably caused a series of movements which eventually got into the yard. Another factor was the seepage from the claimants’ yard itself which weakened its stability. He further testified that in this case *296 land use played an important part; that the location of the septic tank field was in a very unfortunate place with respect to contributing to slide problems in the yard because it was located in the head of the slide.
Although the respondent did not deny that it cut into the toe of the hill, Alvin Hammonds, District Maintenance Engineer for District I, which included Kanawha County, testified there were no orders to make any relocations or excavations beyond normal maintenance in the area of the slide at the time the claimant testified the respondent cut into the hill.
Prior to the hearing of this claim the Court was requested to and did view the premises. The view revealed the present condition of the property including corrective measures taken by the respondent to restore the claimants’ property and to stop the slide.
The installation of the septic tank system by the claimant, Ray Reed, in a hillside unstable from natural seepage may have been a contributing factor; however, the proximate cause of the slide was the action of the respondent in clearing the ditch line and cutting into the toe of the hill.
Therefore, the Court finds that the action of the respondent was the proximate cause of the slide and resulting damages and further, after considering the view of the premises and the corrective measures taken by the respondent, makes an award to the claimants in the amount of $5,000.00.
Award of $5,000.00.